UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JOSEPH HILES,                        )
                                     )
                  Petitioner,        )
                                     )
         v.                          )        CAUSE NO. 3:07-CV-383 WL
                                     )
ED BUSS,                             )
                                     )
                  Respondent.        )

<u>OPINION AND ORDER</u>

Joseph Hiles,  a *pro se* prisoner, filed this habeas corpus petition challenging his 90 day loss of good time credits imposed on April 16, 2007 by the Disciplinary Hearing Board (DHB) at the Indiana State Prison for disorderly conduct in violation of B-236 in case number ISO 07-04-0026. Hiles raises one ground with two parts.

First, he argues that, there was insufficient evidence to support the finding of guilt.

In reviewing a decision for some evidence, courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis.

*McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) (quotations marks and citation omitted). "The Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board." *Superintendent v. Hill*, 472 U.S. 445, 457 (1985). Therefore, "once the court has found the evidence reliable, its inquiry ends - it should not look further to see whether other evidence in the record may have suggested an opposite conclusion." *Viens v. Daniels*, 871 F.2d 1328, 1335 (7th Cir. 1989).  "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Superintendent v. Hill*, 472 U.S. 445, 455-56 (1985). Here, the attached conduct report itself is sufficient to support

the finding of guilt. The author of the conduct report personally witnessed the events in question.

He wrote the he found Hiles and another offender "in a fighting stands. I ordered both offenders to

stop, both offenders refused. At that time I radioed a signal 10 an pulled my 'CN Mace' and ordered

both offenders to the ground, at the third warning to get to the ground both offenders proceeded to

the ground." Docket # 5-2 at 3. This is some evidence of disorderly conduct. *See Superintendent v.*

*Hill*, 472 U.S. 445, 456-57 (1985) (disciplinary action supported when inmate was one of three seen

fleeing from scene of assault even when victim denied fellow inmates had assaulted him); *Hamilton*

*v. O'Leary*, 976 F.2d 341, 346 (7th Cir. 1992) (discovery of weapon in area controlled by four

inmates created twenty-five percent chance of guilt supporting disciplinary action); *Mason v.*

*Sargent*, 898 F.2d 679, 680 (8th Cir. 1990) (disciplinary action supported when contraband was

found in locker shared by two inmates).

Hiles also argues that DHB should have reviewed a video tape of the incident because it

would prove that he was the victim and did not fight back. In his administrative appeal he wrote that,

> At 9:45 pm we were getting our commissary. I had just returned to my bed
> area to put my commissary in my locker. Before I got a chance to open my locker an
> offender that I have never talked to or even seen came to me and tried to take my
> commissary. Once I didn't give him any commissary he then assaulted me. Then is
> when I backed away intending not trying to fight. Then officer Ahmed came and
> broke up the situation and cuffed both of us up.

Docket # 5-2 at 4. *Wolff v. McDonnell*, 418 U.S. 539 (1974) requires that he be permitted to submit

relevant exculpatory evidence. Therefore, for the purpose of this analysis, the court will accept that

the videotape would reflect the events described by Hiles. But such events, occurring before the

officer arrived, are not exculpatory. It appears that Hiles believes that the officer believed that he

conducted himself in a disorderly manner before the officer arrived. Therefore he assumes that video

of those events would prove him innocent. Even if he was not the aggressor, even if he was merely

defending his property, his conduct was disorderly. The constitution does not guarantee inmates the right to fight, or threaten to fight, to defend their property. Maintaining order within a prison requires that prison administrators be permitted to punish anyone who fights or threatens to fight. Further, Hiles does not argue that the video evidence would contradict the officer's assertion that Hiles did not get on the ground when ordered. That too was disorderly conduct. Because the video evidence could not be exculpatory, the DHB had no obligation to review it.

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

Section 2254 Habeas Corpus Rule 4. Here, the petition does not present any basis for habeas corpus relief, therefore it must be denied.

For the foregoing reasons, this habeas corpus petition is **DENIED**.

SO ORDERED.

ENTERED: September  26 , 2007

 s/William C. Lee
William C. Lee, Judge
United States District Court

3